Toole *vs.* Perry.

---

WILLIAM T. TOOLE, plaintiff in error, *vs.* JOHN B. PERRY, defendant in error.

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

1. That an equitable plea to a common law suit, was, on motion, stricken after the defendant had closed his testimony without having supported it by evidence, is not such an error as authorizes a new trial. Whether the plea set forth a complete defense or not, its dismissal, at that time, did not affect the defendant's case.

2. This court not committed, even by implication, to the position that a common law court has jurisdiction to decree, by the verdict of a jury, an injunction.

New trial. Pleadings. Injunction. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1875.

Reported in the decision.

Toole *vs.* Perry.

W. A. HAWKINS; N. A. SMITH, for plaintiff in error.

GUERRY & SON, for defendant.

WARNER, Chief Justice.

The plaintiff sued the defendant on a promissory note for $1,938 54, payable to John Williams or bearer, dated 7th June, 1871, and due 1st of July next thereafter. The defendant filed an equitable plea to the plaintiff's action, in which he alleged, in substance, that in the year 1869 he purchased a plantation in Calhoun county, of said Williams for the price of $15,180 00, and gave to him therefor his two notes, each for the sum of $7,590 00, one due 1st January, 1870, the other due 1st of January, 1871; defendant paid on the note first due the sum of $5,000 00, leaving due thereon $2,590 00; that before the payment of the balance of the money due for said land, Hoyle, assignee of one Baldwin, had filed his bill in the fifth circuit court of the. United States against said Baldwin and Williams, alleging that said lands had been purchased by said Williams of said Baldwin to defraud the creditors of Baldwin, and praying that the same might be decreed to be assets in the hands of said assignee to pay the creditors of Baldwin; that at the time the $5,000 00 was paid, Williams agreed with defendant that he would not demand any further payment of the amount due from defendant for the land until the termination of the litigation in said United States circuit court, and that the said $5,000 00 was paid upon this agreement, and in consequence thereof that some time after said payment was made said Williams turned over to the plaintiff, Perry, the note on which said payment was made, as collateral security to secure a debt which Williams owed him; that afterwards, at the special instance and request of Perry and Williams, defendant agreed to and did divide the amount due on said note into two sums, and on the 7th June, 1871, gave to Williams his two notes, one for $1,938 54, due July 1st, 1871, not as a renewal of

Toole *vs.* Perry.

the other note, but for the accommodation of said Perry and Williams; that Perry knew all the conditions and agreements respecting the payment of the $5,000 00, and that no payment was to be demanded of defendant upon the balance due upon the $7,590 00 note, and that the note for $1,938 54 was given by defendant and received by said Williams upon the same terms, and subject to the same agreements and conditions which attached to the balance due on the $7,590 00 note; that Williams is insolvent, and has no estate with which to answer defendant if he should be compelled to pay said note now sued on by the plaintiff; wherefore, the defendant prayed the court to enjoin the plaintiff from the further prosecution of said suit, and that he may have such relief in the premises as may be considered meet and proper. On the trial of the case, the jury found a verdict in favor of the plaintiff for the full amount of the note sued on.

It appears from the record and bill of exceptions that after the defendant had closed his evidence, (which is set forth in the record) the court, on motion of plaintiff, ordered the defendant's equitable plea to be stricken, on the ground that the defendant had closed without evidence to sustain it, the defendant making no objection as to the time when the motion to dismiss was made. To this order of the court dismissing the plea the defendant excepted.

1. Assuming that the court erred in dismissing the defendant's plea, under the facts and circumstances of the case as set forth in the record and bill of exceptions, how is the defendant hurt by that error? The bill of exceptions states that the defendant's equitable plea was dismissed on the grounds stated in the order. The grounds stated in the order are that the equitable plea was insufficient, and that the defendant had closed his case without evidence to sustain it. The defendant had the benefit of his plea to introduce all the evidence he could to sustain it, and that evidence, as disclosed in the record, did not sustain it, and whilst that may not have been a good legal reason for dismissing the defendant's plea after allowing him to introduce all the evidence he could under it

nevertheless, it is a good reason why the plaintiff's verdict should not be set aside. The defendant had the full benefit of his equitable plea on the trial of the case, and was allowed to introduce all the evidence he could under it, before it was stricken. The trouble with the defendant at the trial was that he did not have the evidence to sustain his equitable plea so as to prevent the plaintiff from obtaining a verdict upon his evidence. Inasmuch as the defendant was not hurt by the striking of his plea after he had introduced all the evidence he could under it, and that evidence, as disclosed in the record, not being sufficient to defeat the plaintiff's recovery, on his evidence, the verdict should not be set aside for the alleged error in striking the defendant's plea after he had introduced all the evidence he could under it, but which failed to sustain it. There is no pretense or complaint that the verdict is contrary to the evidence or without evidence to support it. The only complaint is that the court erred in striking the defendant's equitable plea under the facts and circumstances as set forth in the record.

2. We are not to be considered as holding in this case, even by implication, that a common law court in this state has jurisdiction to decree, by the verdict of a jury, a temporary injunction as prayed for in the defendant's equitable plea. As the defendant in error did not claim damages for delay in bringing the case up to this court, we do not award any.

Let the judgment of the court below be affirmed.