## SIMMONS *vs.* CAMP.

1. A judgment at law in favor of one surety against his co-surety on a draft for contribution, will not bar a bill by such co-surety to enjoin the judgment for equitable reasons involving new issues and new parties which were not before the court in the common law suit.
2. While this may be the case with sufficient allegations and proper parties, under the present state of the pleadings, we cannot say that the court erred in refusing an order *nisi*.

Equity. Injunction. Before Judge ERWIN. At Chambers. Gwinnett County. June 9th, 1880.

Reported in the decision. See also reports of the same case when argued at the September term, 1878, and the February term, 1880, not yet published.

MYNATT & HOWELL ; WRIGHT & DORSEY ; A. C. KING, for plaintiff in error.

CLARK & PACE ; N. L. HUTCHINS, for defendant.

CRAWFORD, Justice.

A *fi. fa.* against the Gwinnett Manufacturing Company as principal, and Steadman, Camp and Simmons as indorsers, was paid off by Camp.    He received in contribution from the assets of Steadman, who had gone into bankruptcy, one third of the amount so paid and to reimburse himself out of Simmons for his third of the amount so paid, he caused the *fi. fa.* to be levied upon his property.    Simmons, by affidavit of illegality, arrested the sale and litigated all the questions made by this bill—except two which are set up in allegations therein contained, but not charged with such clearness and accuracy as to make them issuable, or to justify the prayer of the bill, which is evidently the granting of a new trial on issues made and settled by the former trials upon the illegality.

Stripped down to what we conceive to be the complete naked equity, he alleges, as we gather it, that Camp, the defendant in the bill, and his co-security, has received assets belonging to their principal, more than sufficient to pay that portion of the *fi. fa.* claimed of him.    That he has kept and used them, and has them now, unless he has consumed and wasted them.    Further, that Camp was a stockholder in the company, and that by the charter of the same, his private property is liable for the payment of the debts in proportion to the amount of stock owned when the debt was contracted, and that whatever amount he for himself, and as administrator for his father, who was also a stockholder, were bound to pay on this *fi. fa.* ought to be ascertained and paid before this complainant ought to be called on for contribution.

If it be true, as we construe this voluminous record, that these allegations are made, the questions, if they are clearly and distinctly made, can now be heard and considered by the court.    We so hold, because the legal points heretofore litigated were exclusively directed to the question of Simmon's liability *on the draft itself for contribu-*

*tion at all*, and it was never fixed until finally adjudicated by this court at its last term. That litigation was to ascertain whether he was liable by his indorsement thereon as surety, and also liable to his co-surety for contribution. That was adjudged adversely to him and is conclusive.

But now, since it is decided that *by his contract* he made himself liable, comes the settlement of that liability, and if on the settlement, there are equitable rights to be adjusted, such as are shadowed forth in the matters to which we have referred, and if they can be maintained on a trial, would the complainant not be entitled to the benefit thereof, as well as to a *perpetual injunction* against the *fi. fa.* itself? It is to be remembered in this connection, that in the litigation which has heretofore taken place, the complainant could not have secured this important equitable right; for in the language of the late Chief Justice WARNER, "this court is not committed, even by implication, to the doctrine that a common law court has jurisdiction to decree, by the verdict of a jury, a temporary injunction." *A fortiori*, a perpetual injunction would be utterly beyond the jurisdiction of such a court. 56 *Ga.*, 627. Besides, it is by no means certain that the corporation itself would not be a necessary party, and that party cannot be made at common law.

Whether the allegations here considered can be definitely and truthfully made, and to what extent the rights of the parties would be affected thereby, are questions to be disposed of when they are made and brought before us for our judgment. At this time, and in this case, we hold that the judge below, in view of the frame of the bill and its prayer, committed no error in refusing an order *nisi* to the complainant. This affirmance however will not preclude the complainant's right to have these new questions adjudicated by a new bill, or by amending the present one, if it can be done, so as to present these issues in clear, positive and issuable allegations upon such equitable grounds as would entitle him to be heard.

Judgment affirmed.